# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| JAMES LEE MCCLAIN, | ) |
| Plaintiff, | ) |
| VS. | ) No. 19-1085-JDT-cgc |
| JOHN HAMILTON, ET AL., | ) |
| Defendants. | ) |

## ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g), CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On May 6, 2019, Plaintiff James Lee McClain, who is incarcerated at the Madison County Criminal Justice Complex in Jackson, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) McClain sues Assistant Public Defender John Hamilton and the Public Defender's Office in Jackson.

Under the Prison Litigation Reform Act (PLRA), §§ 1915(a)-(b), a prisoner bringing a civil action must pay the full civil filing fee. The PLRA merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment

plan. Prisoners are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

McClain has filed more than three previous civil actions in federal court that were dismissed for failure to state a claim or as frivolous.[1] Therefore, he may not file any further action in which he proceeds *in forma pauperis* unless he first demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796,

---

[1] *See McClain v. Storey, et al.*, No. 5:15-cv-05113-TLB (W.D. Ark. Oct. 5, 2015) (dismissed as frivolous); *McClain v. Bennington, et al.*, No. 6:14-cv-01543-MO (D. Ore. Jan. 21, 2015) (dismissed for failure to state a claim); and *McClain v. Storey, et al.*, No. 5:13-cv-05245-TLB (W.D. Ark. Apr. 3, 2014) (dismissed as frivolous and for failure to state a claim).

797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc). McClain has not moved to proceed *in forma pauperis*. However, the Court will review his complaint to determine whether he alleges imminent danger of serious physical injury and, if so, whether he should be allowed to proceed *in forma pauperis* after filing the necessary financial documents.

McClain alleges Hamilton received evidence clearing McClain of charges against him in his state criminal matter but failed to use that evidence to obtain an acquittal. (ECF No. 1 at PageID 2-3.) He contends that Hamilton rendered ineffective assistance of counsel. (*Id.* at PageID 3.) McClain further contends he has health issues and needs major surgery. (*Id.*) He asks this Court to intervene in his criminal proceedings. (*Id.*)

None of McClain's allegations sufficiently allege that he was in imminent danger of serious physical injury at the time he filed his complaint. The ineffective assistance claims against Hamilton in connection with McClain's state criminal proceeding do not allege any potential physical harm. Although McClain also alleges that he suffers from medical problems, those issues are unrelated to the claims against Hamilton, as he does not allege that Hamilton or the Public Defender's Office are responsible for his medical condition or treatment. *See Lapine v. Waino*, No. 17-1636, 2018 WL 6264565, at *2 (6th Cir. Oct. 11, 2018) (affirming dismissal of prisoner's complaint under § 1915(g) because prisoner "failed to tie his legal claims to his allegations of spine disease and resulting pain"). The complaint therefore does not come within the exception to 28 U.S.C. § 1915(g), and the Court cannot address its merits unless McClain first tenders the civil filing fee.

Accordingly, this action is DISMISSED without prejudice. McClain may, within twenty-eight (28) days after the entry of judgment, re-open the case by filing a motion to re-open accompanied by full payment of the $400 civil filing fee. The Court hereby CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal by McClain in this case would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                         s/ **James D. Todd**
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE